# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND EVANS, | Case No. 1:19-cv-00760-LJO-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*** |
| v. | |
| SHERMAN, et al., | (Docs. 7-9) |
| Defendants. | 21-DAY DEADLINE |

On June 24, 2019, Plaintiff filed an application to proceed *in forma pauperis*. The Court ordered Plaintiff to show cause why his application should not be denied due to the amount of money in his inmate trust account. (Doc. 8.) Plaintiff filed a response in which he argues that the Court should find him financially "below the poverty guidelines" because: settlement funds he received in February of 2019 should not be taken into account; after he paid a #375 debt to a family member from those settlement funds, Plaintiff never had more than $268.16 in any account; and that, at the time he filed this action, Plaintiff only had $47.12, which was insufficient to pay the filing fee. (Doc. 9, p. 2.) Despite these arguments, the Court recommends that Plaintiff's application be denied because, within six months prior to filing this action, Plaintiff had more than sufficient funds to pay the filing fee but chose to spend his money differently.

**I.    Legal Standard**

The Court may grant an indigent party permission to proceed *in forma pauperis* upon

1

submission of an affidavit showing inability to pay the required fees. 28 USC § 1915(a). Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of *in forma pauperis* where in past 12 months, plaintiff received a sum of $5,000 settling a civil action and no indication it was unavailable to plaintiff) (citing, *Temple*, 586 F.Supp. at 851(quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (*per curiam*)). The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850, citing *Brewster v. North American Van Lines*, *Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In sum, to proceed *in forma pauperis*, a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing his dependents with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339-40 (1948). A "'showing of something more than mere hardship must be made.'" *Nastrom v. New Century Mortg. Corp*., No. 11-cv-1998, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting *Martin v. Gulf States Utilities Co*., 221 F.Supp. 757, 759 (W.D. La.1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan.12, 2012). Since Plaintiff is currently

in prison, he is not providing for any dependents and the taxpayers of the State of California are paying for his necessities of daily life. *Williams*, 877 F.2d 65.

Plaintiff filed this action on May 29, 2019. (Doc. 1.) His Inmate Account Statement for the prior six-month period shows that his average monthly balance was $423.69 and the average monthly deposits to his account was $242.65. (Doc. 7, p. 2.) From December 20, 2018, to May 25, 2019, Plaintiff made purchases and totaling $1,940.93, which was more than sufficient to pay the $400 filing fee for this action.

The Court is entitled to consider the economic priority Plaintiff placed on the use of his money, received from any source, *see Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citing *Alexander v. Carson Adult High School,* 9 F.3d 1448, 1449 (9th Cir. 1993), and is entitled to honor an inmate's decision of other use of available funds which the inmate considered more worthwhile than payment of a federal court's filing fee, *Olivares*, at 112, (quoting *Lumbert v. Illinois Department of Corrections,* 827 F.2d 257, 260 (7th Cir. 1987) (Noting peanut and candy "comforts" Olivares purchased in the prison commissary; "If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").) Plaintiff clearly prioritized various purchases for his own and repayment of a debt to a family member over his obligation to pay the filing fee in this action.

The determination whether a party may proceed *in forma pauperis* is a "matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process"). Plaintiff had more than enough money within six months of the date he filed this action to pay the filing fee but chose to spend his money in other ways. Thus, exceptional circumstances do not exist to grant Plaintiff's motion to proceed *in forma pauperis*.

## **RECOMMENDATION**

Accordingly, it is RECOMMENDED that Plaintiff's application to proceed *in forma*

*pauperis*, filed on June 24, 2019 (Doc. 7), be **DENIED** and that this action be dismissed without prejudice to refiling on prepayment of the $400.00 filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is informed that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 21, 2019**      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE