UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND EVANS, | 1:19-cv-00760-LJO-JLT (PC) |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DISMISSING ACTION WITHOUT PREJUDICE** |
| v. | |
| S. SHERMAN, et al., | |
| Defendants. | (Docs. 7, 10, 13) |

Plaintiff Cleveland Evans is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 24, 2019, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 2.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 21, 2019, the Magistrate Judge issued Findings and Recommendations to deny Plaintiff's application to proceed *in forma pauperis* because, within six months of his filing this action, Plaintiff had more than sufficient funds to pay the filing fee. (Doc. 10.) Plaintiff filed objections to the Findings and Recommendations on October 7, 2019. (Doc. 13.) In his objections, Plaintiff argues that the Court should not consider a plaintiff's ability to pay the filing fee six months in advance of his filing an action. (*Id.*, p. 1.) The Court need not address this argument directly. According to his inmate trust account statement, Plaintiff made purchases totaling nearly $1,700 between December 20, 2018, and May 29, 2019, the date he filed this

action. (*See* Doc. 7, pp. 4-5.) Between May 1 and June 12 alone, Plaintiff spent $472.14, which is more than the amount of the filing fee. (*See id.*, p. 5.) In other words, the Court need not look several months back in order to determine that Plaintiff had enough funds to pay the filing fee; the Court need only look to a few weeks just before and after Plaintiff filed his complaint.

Plaintiff also cites 28 U.S.C. § 1915(b)(4) for the proposition that he cannot be prohibited from filing a civil action because he does not currently have enough funds in his account. (*See* Doc. 13, p. 5.) However, subsection 1915(b)(4) applies to the "initial partial filing fee" for plaintiffs who have *already been authorized* by the court to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b). The Court does not authorize Plaintiff to proceed *in forma pauperis* because he indeed had the funds to pay the filing fee, but he chose to spend them elsewhere.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. The Court is unable to find grounds in Plaintiff's objections to override the Magistrate Judge's findings that Plaintiff had sufficient funds at his disposal to pay the filing fee in this action, but chose to spend them elsewhere, which warrants denial of his *in forma pauperis* application. Having carefully reviewed the file, the Court finds the Findings and Recommendations to be supported by the record and proper analysis.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Findings and Recommendations issued on August 21, 2019, (Doc. 10), are adopted in full;
2. Plaintiff's application to proceed *in forma pauperis*, (Doc. 7), is DENIED; and
3. This action is DISMISSED without prejudice to refiling with prepayment of the filing fee.

IT IS SO ORDERED.

Dated: **October 21, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE